CHARLES F. NUSSBAUMER

*v.*

C. G. BECKER *et al.*

DISSOLUTION OF PARTNERSHIP—*notice.* The duty of a retiring dormant part-
ner to give notice of the dissolution of the partnership, is a duty which he
owes to those who, before that time, had some knowledge of his connection
with the firm. To strangers, having no such knowledge, he owes no such duty.
As to them he can only be charged as a partner, when in fact he was not, by
showing that he, in some way, misled them, as, that he held himself out to the
world as such, or that he so held himself out to them.*

APPEAL from the Superior Court of Cook county; the Hon.
JOHN A. JAMESON, Judge, presiding.

Mr. JAMES FELCH, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant and his brother Frederick, in 1868, formed a
partnership, and carried on a business which required the
purchase of certain classes of lumber. The name of appellant
did not appear in the firm name, nor is it shown that he was
known as a partner. They carried on this business until some
time in 1869, (say about eighteen months,) and then appellant
withdrew from the firm. Appellees had no dealing of any
kind with the firm while it existed, and had no knowledge of
appellant's connection therewith. Some time in 1870, appel-
lees began to sell lumber to Frederick, and from time to time
to receive payments, and so continued to do until the fall of 1871,
and when that business was closed a balance was due appellees,
and for that balance this suit was brought against both of the
brothers, charging them as partners. Service was made upon
appellant alone. He put in issue properly his liability as part-
ner. On the trial no proof was given tending to show, either

---

*Generally, on the subject of notice of dissolution of partnership, see *Holt-
greve* v. *Wintker et al.* 85 Ill. 470, and cases cited in note on p. 696 of that Vol.

that plaintiffs had dealt with the firm while it was in existence, or that appellant had, at any time, held himself out to plaintiffs or to the world as a partner, either affirmatively or by acquiescence in known acts of his brother tending to that conclusion. On the contrary, the proof shows, affirmatively, that appellees had no knowledge of the existence of the firm while the partnership existed, and knew nothing of either of the partners until near a year after the partnership ceased. It was insisted by appellees that Frederick had, in one way or another, represented to them that appellant was his partner, and that on the faith of such representations appellees had given him credit.

The court charged the jury, that appellant, as an outgoing partner, was chargeable for subsequent debts, unless there had been public notice of the dissolution, or notice thereof had actually come to appellees, before they gave the credit.

The duty of a retiring dormant partner to give notice of the dissolution of the partnership, is a duty which he owes to those who, before that time, had some knowledge of his connection with the firm. To strangers, having no such knowledge, he owes no such duty. As to them he can only be charged as a partner (when in fact he was not) by showing that he, in some way, misled them, as, that he held himself out to the world as such, or that he so held himself out to them. *Warren* v. *Ball*, 37 Ill. 81.

The proofs in this case do not show any fault of appellant in this regard. The ruling of the law, on this question, by the court below, was erroneous, and for this error the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*